IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-57 (WLS) |
| | : | |
| JACOB GUTHRIE., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is the Parties' Joint Motion for Continuance, filed December 27, 2021. (Doc. 59.) Therein, the Parties request the Court continue the trial, currently set to begin in February, 2022, and exclude the delay from the Speedy Trial Act clock for two reasons. First, to provide Counsel for the Government, who entered his appearance in this case on December 8, 2021, with adequate time to the review the case file and evidence. Second to provide the Parties with an opportunity to potentially resolve the charges in this case without need for a trial. In filing this motion, the Government and Defendant consent to an extension of the deadline for filing motions, in the event that negotiations are unsuccessful. (Doc. 59.)

The Court finds that granting a continuance in this case will provide the Parties with adequate time to prepare for trial and the Defendant with a meaningful opportunity to engage in plea negotiations with the Government. For these reasons, the Parties Joint Motion to Continue the trial in this case is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, the Defense needs additional time to fully explore the resolution of this case without the need for a trial and Counsel for the Government has only recently made an entry in this case.

Accordingly, the Parties' Joint Motion for Continuance (Doc. 59) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning May 2022, unless otherwise ordered by the Court. The pretrial conference currently set for January 18, 2022 is **CANCELLED**. The Court **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). Additionally, if this case is not earlier resolved, all motions, if any, must be filed not later than forty-five (45) days of the entry of this order.

**SO ORDERED**, this __3rd__ day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**