**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES,                                  :
                                                :
v.                                              :          CASE NO.: 7:20-CR-57 (WLS)
                                                :
JACOB GUTHRIE.,                    :
                                                :
      Defendant.                                :
                                                :

## **ORDER**

Before the Court is the Parties' Joint Motion for Continuance, filed March 29, 2022. (Doc. 69.) Therein, the Parties request the Court continue the trial, currently set to begin on May 9, 2022, and exclude the delay from the Speedy Trial Act clock so that the Parties may continue to engage in renewed plea discussions based on the Government's superseding indictment. (Docs. 63 & 69.) In filing this motion, the Government and Defendant consent to an extension of the deadline for filing motions, in the event that negotiations are unsuccessful. (Doc. 69.)

The Court finds that granting a continuance in this case will provide the Parties with adequate time to prepare for trial and the Defendant with a meaningful opportunity to engage in plea negotiations with the Government. For these reasons, the Parties Joint Motion to Continue the trial in this case is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary to engage in

1

meaningful plea negotiations. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, the Parties require additional time to fully explore the resolution of this case following the filing of the superseding indictment (Doc. 63) without the need for a trial.

Accordingly, the Parties' Joint Motion for Continuance (Doc. 69) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning August 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 29th day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**